**E-FILED**
Monday, 14 March, 2016  03:29:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

SABRINA BOLLOTTO

    Plaintiff

    v.

BICKFORD SENIOR LIVING GROUP,
LLC & EBY GROUP, INC.

    Defendants

Case No.


**JURY DEMAND**

---

**COMPLAINT**

Now comes the Plaintiff, Sabrina Bolotto, by Richard L. Steagall, her attorney, and complaining of the Defendants, Bickford Senior Living Group, LLC and Eby Group, Inc., for her claims states:

**Jurisdiction & Venue**

1.    Jurisdiction to hear Plaintiff's claims under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq exists under 28 U.S.C. §§ 1331, 1337 (a).

2.    Plaintiff is a resident of Dewitt County, Illinois, Defendant Bickford Senior Living Group, LLC, operates a Senior Living Home in Champaign County, Illinois, and Eby Group, Inc. may be a party to a contract to arbitrate disputes. Venue is founded in the Urbana Division of this court under Local Rule 40:1.

3.    The occurrence complained of happened on **March 14, 2013** in Champaign County, Illinois.

**II.**
**The Parties**

4.      Plaintiff, Sabrina Bolatto, was employed for 12 years at the Bickford Senior

Liaising Home in Champaign, Illinois her last position being Director until the

termination of her employment on March 14, 2013. She brings this claim for willful

violation of the Family and Medical Leave Act, 29 U.S.C. § 2617 (c)(2)(three limitations

for bringing action for willful violation).

5.      Defendant, Bickford Senior Living LLC, is a corporation organized and

existing under the laws of the State of Kansas operating the Senior Living Facility

named Bickford Senior Living in Champaign, Illinois. As a part of its business, Bickford

employed Bolatto for 12 years prior to her March 14, 2013 employment termination.

6.      Eby Group, Inc. is a corporation with offices in Olathe, Kansas which

contracted with employees of corporations within the group which may or may not

have included Bickford Senior Living LLC for arbitration of employment claims.

**III.**
**The Events**

7.      Bolatto was employed by Bickford Senior Living as Director of the

Bickford Senior Living Facility in Champaign, Illinois.

8.      Bolatto was under the care of Yolanda Renfroe, M.D., OSF Group, Peoria,

Illinois for a high risk pregnancy.  Dr. Renfroe first saw her on December 11, 2012 for

intrauterine growth restriction and maternal high blood pressure. She returned on

December 16, 2012 due to further complications with her pregnancy. Dr. Renfroe placed

2

her off work with a return to work date of March 7, 2013.

9.      Shane Hardiman, HR Generlist, of Bickford Senior Living confirmed in a February 11, 2013 letter to Bolotto that she would take 12 weeks of FMLA leave which ends on March 6, 2013. A release to return to work for a return date of March 7, 2013 is required.

10.     Bolotto took her Family and Medical Leave Act through March 6, 2013. Dr. Renfroe sent a March 1, 2013 letter release Bolotto to return to work on March 7, 2013. Bolotto returned to work on March 7, 2013.

11.     Bickford Senior Living delivered a March 14, 2013 letter to Bolotto when she reported for work that day. The letter was sigmoid bu Shannon Riberdy, Divisional Director of Operations and Linda Clark, Area Vice President. The reason given for termination of Bolotto's employment were management issues occurring when Bolatto was on FMLA leave.

12.     The March 14, 2013 letter mentions the following occurrence during Bolotto's Family and Medical Leave Act authorized leave:

    a.      Fire Monitoring System contract lapsed.

    b.      Billing, receivables, regular maintenance, staffing, and staff management issues were not addressed for several months.

13.     Bolotto was on leave for the 12 week FMLA period, which was for three months from December 13, 2012 to March 6, 2013. She was on bed rest due to her pregnancy. All management issues she handled before the FMLA leave were to be addressed by her successor.

3

14.    Shannon Riberdy, Division Director of Marketing, and Linda Clark, Area Vice President, who made the decision to terminate Bolatto's employment knew Bolotto's Family and Medical Leave Act absence prevented her from addressing the management issues complained of, yet nevertheless in willful violation of the Family and Medical Leave Act terminated Bolotto's employment.

### IV.
### Plaintiff's Claims

**A.    Statute Involved**

15.    There in full force and effect in the United States a certain statute a certain statute which is set forth below.

**Family and Medical Leave Act, 29 U.S.C. §**

**§ 2612 Leave Requirement**

 (a) In general

(1) Entitlement to leave
Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

4

(E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

(2) Expiration of entitlement
The entitlement to leave under subparagraphs (A) and (B) of paragraph (1) for a birth or placement of a son or daughter shall expire at the end of the 12-month period beginning on the date of such birth or placement.

(4) Combined leave total
During the single 12-month period described in paragraph (3), an eligible employee shall be entitled to a combined total of 26 workweeks of leave under paragraphs (1) and (3). Nothing in this paragraph shall be construed to limit the availability of leave under paragraph (1) during any other 12-month period.

§ 2613. Certification

(a) In general

An employer may require that a request for leave under subparagraph (C) or (D) of paragraph (1) or paragraph (3) of section 2612(a) of this title be supported by certification issued by the health care provider of the eligible employee or of the son, daughter, spouse, or parent of the employee, or of the next of kin of an individual in the case of leave taken under such paragraph (3), as appropriate. The employee shall provide, in a timely manner, a copy of such certification to the employer.

(b) Sufficient certification

Certification provided under subsection (a) of this section shall be sufficient if it
states--
(1) the date on which the serious health condition commenced;
(2) the probable duration of the condition;
(3) the appropriate medical facts within the knowledge of the health care provider regarding the condition;
(4)(A) for purposes of leave under section 2612(a)(1)(C) of this title, a statement
that the eligible employee is needed to care for the son, daughter, spouse, or

5

parent and an estimate of the amount of time that such employee is needed to
care for the son, daughter, spouse, or parent; and
(B) for purposes of leave under section 2612(a)(1)(D) of this title, a statement that
the employee is unable to perform the functions of the position of the employee;
(5) in the case of certification for intermittent leave, or leave on a reduced leave schedule, for planned medical treatment, the dates on which such treatment is expected to be given and the duration of such treatment;
(6) in the case of certification for intermittent leave, or leave on a reduced leave schedule, under section 2612(a)(1)(D) of this title, a statement of the medical necessity for the intermittent leave or leave on a reduced leave schedule, and the expected duration of the intermittent leave or reduced leave schedule; and
(7) in the case of certification for intermittent leave, or leave on a reduced leave schedule, under section 2612(a)(1)(C) of this title, a statement that the em

## § 2615. Prohibited acts

(a) Interference with rights

(1) Exercise of rights
It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

(2) Discrimination
It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

(b) Interference with proceedings or inquiries

It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual--
(1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter;
(2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or
(3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter.

## §2617  Enforcement

(a) Civil action by employees

(1) Liability
Any employer who violates section 2615 of this title shall be liable to any eligible employee affected--

(A) for damages equal to--

(I) the amount of--

(I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

(II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee;

(ii) the interest on the amount described in clause (I) calculated at the prevailing rate; and

(iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (I) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (I) and (ii), respectively; and

(B) for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

(2) Right of action

An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of--

(A) the employees; or

(B) the employees and other employees similarly situated.

(3) Fees and costs
The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant.

(4) Limitations
The right provided by paragraph (2) to bring an action by or on behalf of any employee shall terminate--

(A) on the filing of a complaint by the Secretary in an action under subsection (d) of this section in which restraint is sought of any further delay in the payment of the amount described in paragraph (1)(A) to such employee by an employer responsible under paragraph (1) for the payment; or

(B) on the filing of a complaint by the Secretary in an action under subsection (b) of this section in which a recovery is sought of the damages described in paragraph (1)(A) owing to an eligible employee by an employer liable under paragraph (1),unless the action described in subparagraph (A) or (B) is dismissed without prejudice on motion of the Secretary. ....

(c) Limitation

(1) In general

Except as provided in paragraph (2), an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought.

(2) Willful violation

In the case of such action brought for a willful violation of section 2615 of this title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought ...

**B.      Plaintiff's Claims**

16.     Bickford Senior Living placed Bolotto on 12 week Family Medical Leave

Act for her high risk pregnancy based on information obtained from her and her physician.

17.    Bickford Senior Living acting through Shannon Riberdy, Divisional Director of Operations and Linda Clark, Area Vice President, terminated Bolatto's employment for matters that were outside her control during her 12 week Family and Medical Leave, interference with rights and discrimination with for energies of rights under the Family and Medical Leave Act prohibited under the Act contrary to 29 U.S.C. § 2615 (a)(1),(2).

18.    The interference and discrimination was willful as the decision makers Shannon Riberdy, Divisional Director of Operations and Linda Clark, Area Vice President, of Bickford Senior Living, knew of Bolotto's absence in exercise of her Family and Medical Leave Act rights and her inability to address the matters of contract renewals, billing, receivables, regular maintenance, staffing, and staff management issues were not addressed during her absence.

**C.    Arbitration**

19.    Defendant, Eby Group, Inc., sent to Bickford Senior Living LLC employees and other corporations affiliated with the Eby Group an agreement for arbitration of employment disputes.  If the agreement applies to Bolatto, the agreement while requiring claims be made during the applicable limitations period does not state whether mailing or receipt tolls the lamination period and if receipt tolls the limitation period does not provide a facsimile number or email for same day filing to comply with

the limitations period.

20.    Bolotto is filing this action to toll the limitations. If arbitration is required

the court can enter an appropriate order and if arbitration is not required, the action can

proceed. Bolotto has filed this action to ensure that her claim is heard either in this court

or in arbitration.

## V.
## Relief Requested

21.    As a direct and proximate result of violations of the Family and Medical

Leave Act by Bickford Senior Living LLC, Bolotto has lost the sum of $69,000

compensation and benefits as set forth in the attached Excel Spreadsheet that is Ex:1

from the time of her termination until she became self employed  and the diminution in

earnings from her self employment plus pre-judgment interest and is entitled to an

award of attorney's fees and expenses as a prevailing plaintiff under 29 U.S.C. § 2917

(a)(3).

22.    In the event there is an enforceable arbitration agreement, the court

should enter an appropriate Order dismissing this action and allowing the arbitration to

proceed without impairment of the three statutes of limitations for willful violations of

the Family and Medical Leave Act.

## VI.
## Prayer for Relief

**WHEREFORE,** Plaintiff, Sabrina Bolatto, prays for judgment as follows:

1.    In favor of plaintiff, Sabrina Bolatto, and against Defendant, Bickford
       Senior Living Group, LLC, in the amount of **$400,000** with prejudgment

interest plus an award of costs and prevailing plaintiff's attorney's fees
and expenses under 29 U.S.C. § 2617 (a)(3).

2.    In the event there is an enforceable arbitration agreement, an Order
against Plaintiff, Sabrina Bolatto and Defendants, Bickford Senior Living
LLC and Eby Group, Inc. directing arbitration to proceed under a timely
filing of the Family and Medical Leave Act three limitations period for
willful violations in accordance with the arbitration agreement.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,


s/ Richard L. Steagall
Attorney for the Plaintiff

RICHARD L. STEAGALL
Steagall Law Offices
416 Main Street, Suite 815
Commerce Building
Peoria, IL 61602
309-674-6085
Fax 309-674-6032
nicsteag@mtco.com

11